**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISCTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| TERRY EUGENE RAY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-CV-102-DES |
| | ) | |
| KEVIN MERRITT DISTRICT | ) | |
| ATTORNEY, and Judge of the DISTRICT | ) | |
| COURT OF THE SIXTEENTH JUDICIAL | ) | |
| DISTRICT OF THE STATE OF | ) | |
| OKLAHOMA SITTING IN AND FOR | ) | |
| LEFLORE COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on Defendant Le Flore County District Attorney Kevin Merritt's ("DA Merritt") Motion to Dismiss (Docket No. 7). DA Merritt seeks to dismiss Plaintiff's Notice of Removal of a Criminal Prosecution and Complaint for Declaratory and Injunctive Relief (Docket No. 2) pursuant to Fed. R. Civ. P. 12(b)(1) and (6). For the reasons explained below, the Court GRANTS DA Merritt's Motion to Dismiss for lack of subject matter jurisdiction.

## I.    Background

On February 11, 2025, Plaintiff, appearing pro se, filed a Notice of Removal attempting to remove his criminal case, Case No. CF-2025-0031, from Le Flore County District Court to the Eastern District of Oklahoma. (Docket No. 2 at 1). Plaintiff is facing criminal prosecution for omitting to provide for his minor child.[1] Plaintiff now seeks to remove his criminal case from State

---

[1] *See Oklahoma v. Davis*, No. CF-2025-00031, Le Flore County District Court. The Court may take judicial notice of actions on the Oklahoma State Courts Network. *See* Thomas v. Louthan, No. 22-7044, 2022 WL 17986128, at *2 (10th Cir. Dec. 29, 2022) (unpublished) ("We have exercised our discretion to take judicial notice of public records . . . available from the Oklahoma State Courts Network."); *see also St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

Court to the Eastern District of Oklahoma under 28 U.S.C. § 1443 based on Federal Question Jurisdiction. (Docket No. 2 at 8). However, Plaintiff fails to meet the standard for removal under 28 U.S.C. § 1443, therefore this Court lacks subject matter jurisdiction, and this matter must be dismissed.

## II.   Analysis

A state criminal prosecution may be removed to this Court under very limited circumstances. *See City of Greenwood v. Peacock,* 384 U.S. 808 (1966); *Georgia v. Rachel,* 384 U.S. 780 (1966). 28 U.S.C. § 1443(1) authorizes the removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). A notice of removal under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citing *Georgia v. Rachel*, 384 U.S. 780 (1966) and *Greenwood v. Peacock*, 384 U.S. 808, 828 (1966)). First, it must appear that the alleged right being denied arises under a federal law that specifically provides for "civil rights stated in terms of racial equality." *Id*. Second, it must appear that the specific federal right is denied or cannot be enforced in State court. *Id.* This usually requires that the denial appear in a formal expression of state law. *Id.* From the Court's understanding of his Notice of Removal, Plaintiff is alleging that his civil rights are being denied based on his race (white) and gender (male) in his state court criminal proceedings (non-payment of child support) and therefore wishes to remove his criminal prosecution to federal court. (Docket No. 2 at 1 and 15). Plaintiff is alleging a "pattern of racial and gender bias in child support proceedings." *Id.* at 9. Plaintiff's removal petition fails both prongs of the *Johnson* test.

Regarding the first prong required for removal under 28 U.S.C. § 1443(1), Plaintiff claims that his rights under the Fourteenth Amendment to the United States Constitution, as well as his rights under 42 U.S.C. §§ 1981, 1994, 2000(a) (1, 2 & 6), and 2000(d) are being violated by the state court criminal prosecution. Rather than meaningfully addressing a federal law providing for specific "civil rights stated in terms of racial equality," Plaintiff broadly asserts a "pattern of state court actions that deny civil rights based on race and gender" and a "scheme involving racial and gender discrimination for the purpose of defrauding the Federal Government." (Docket No. 2 at 1, 21-22). He does not identify any supported facts that suggest a pattern of general discriminatory treatment toward white males in state court, nor does he identify any facts of specific discriminatory conduct directed at him. Plaintiff's general allegations that "the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)." *Johnson*, 421 U.S. at 219.  Moreover, "claims that prosecution or conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson,* 421 U.S. at 219. The Fourteenth Amendment is a "constitutional . . . provision[ ] of general applicability," not a constitutional provision creating "specific civil rights stated in terms of racial equality." *Id.*; *see also Rachel,* 384 U.S. at 792 ("[T]he defendants' broad contentions under . . . the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."). To the extent Plaintiff alleges 42 U.S.C. §§ 1981, 1994, 2000(a) (1, 2 & 6), and 2000(d) provide civil rights in terms of racial quality, the Court finds Plaintiff's allegations are conclusory such that they do not support removal jurisdiction under§ 1443. Although the Supreme Court has

3

recognized that 42 U.S.C. § 1981 qualifies under § 1443(1) as a law providing specific civil rights stated in terms of racial equality, *Peacock,* 394 U.S. at 825, it is not enough for Plaintiff to merely allege claims under these statutes without providing supporting facts that indicate his rights have or will be violated in his current criminal proceedings. (Docket No. 7 at 6).

Even assuming, *arguendo*, that Plaintiff has relied on a proper source of federal rights, he has clearly not met the second prong of the *Johnson* test. Under the second prong, "it [is] not enough to support removal to allege that federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *Johnson*, 421 U.S. at 222 (quotation omitted). Instead, a Plaintiff seeking removal must show that "it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Peacock*, 384 U.S. at 828. In this case, Plaintiff has not alleged that Oklahoma law prevents him from vindicating his rights in state court. Rather, he makes conclusory allegations of racial and gender bias in child support proceedings. Because Plaintiff's conclusory allegations of race and gender bias do not refer to an explicit state "law that would deny him civil rights in state court, they are insufficient to support removal." *Taos Cty. Magistrate Court v. Currier,* 625 F. App'x 358, 361 (10th Cir. 2015) (unpublished). Accordingly, as Plaintiff has failed to meet the standards for removal under 28 U.S.C. 1443(1), this Court lacks subject matter jurisdiction and dismissal is warranted.

### III.    Conclusion

Plaintiff has failed to establish a jurisdictional basis for the removal of his state court actions. As such, summary remand is required. See 28 U.S.C. § 1455(b)(4) ("if it clearly appears

4

on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."). For the reasons set forth above, DA Merritt's Motion to Dismiss is GRANTED. Plaintiff's Notice of Removal is dismissed, and summary remand of his State Court criminal proceedings is ordered.

DATED this 15th day of April 2026.

_____
D. Edward Snow
United States Magistrate Judge